**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RODOLFO GONZALEZ-CAMPOS,**

    **Petitioner,**　　　　　　　　　　　**CASE NO. 2:13-CV-1248**
　　　　　　　　　　　　　　　　　　　**CRIM. NO. 2:12-CR-204**
    **v.**　　　　　　　　　　　　　　　　**JUDGE PETER C. ECONOMUS**
　　　　　　　　　　　　　　　　　　　**MAGISTRATE JUDGE KING**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**ORDER AND**
**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner, originally brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  This matter is before the Court on the original *Motion to Vacate*, ECF 28, Respondent's *Response in Opposition,* ECF 35, Petitioner's *Reply,* ECF 36, Respondent's *Supplemental Response,* ECF 38, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **DENIES** Petitioner's request for an evidentiary hearing and **RECOMMENDS** that this action be **DISMISSED.**

**Factual and Procedural History**

Petitioner was charged in this case with reentry into the United States on August 28, 2012 after having been deported and removed from the United States on March 23, 2010 at Laredo, Texas, in violation of 8 U.S.C. § 1326(a). *Information*, ECF 12. Petitioner entered a plea of guilty pursuant to the *Superseding Plea Agreement,* ECF 16.  On December 3, 2012, the Court imposed a sentence of time served.  *Judgment,* ECF 25.  Petitioner did not file an appeal from that judgment. On December 17, 2013, Petitioner filed this action, alleging that he was denied the effective assistance of counsel because his attorney advised him to plead guilty rather than

attack the March 16, 2010 removal order that resulted in his removal on March 23, 2010 (claim one); Petitioner also contends that he is actually innocent of the charge against him (claim two).

This action was filed with the assistance of an Assistant Federal Public Defender who had been appointed to represent Petitioner in another case against Petitioner in this Court, *United States of America v. Rodolfo Gonzalez-Campos*, 2:13-cr-255 ("*Gonzalez-Campos II*"). *Gonzalez-Campos II* charged Petitioner with illegal reentry after having been deported following his conviction of a felony offense in violation of 8 U.S.C. § 1326(a), (b)(1). It is the conviction in this case that formed the aggravating predicate in *Gonzalez-Campos II*.

In *Gonzalez-Campos II,* Petitioner also sought to collaterally attack the validity of the March 16, 2010 removal order. On March 18, 2014, Judge Graham, the trial judge in *Gonzalez-Campos II,* denied Petitioner's motion to dismiss that case on this basis, finding that "defendant has failed to sustain his burden under [8 U.S.C.] §1326(d) of establishing the elements necessary for a successful collateral attack on the removal order in his case." *Gonzalez-Campos II, Opinion and Order*, ECF 22, PAGEID# 129. Petitioner's conviction in *Gonzalez-Campos II* is the subject of a pending appeal.

**Discussion**

Respondent first argues that this Court cannot consider Petitioner's claims under 28 U.S.C. § 2255 because Petitioner's sentence had completely expired by the time he filed the *Motion to Vacate*. *See* 28 U.S.C. § 2255(a)(providing that "[a] prisoner in custody . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). A federal habeas corpus petitioner must be "in custody" pursuant to the conviction or sentence under attack at the time he files his habeas corpus petition. *See Maleng v. Cook*, 490 U.S. 488, 490–491 (1989)(citing *Carafas v. La Valle*, 391 U.S. 234, 238 (1968)). A petitioner whose

sentence has completely expired prior to the filing of his habeas corpus petition does not satisfy the "in custody" requirement for federal habeas corpus review. *See Maleng v. Cook*, 488 U.S. at 492–493. This is true, moreover, even if "that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction." *Clemons v. Mendez*, 121 F.Supp.2d 1101, 1102–1103 (E.D. Mich. 2000)(citing *Maleng v. Cook*.)

Petitioner acknowledges that his sentence had fully expired by the time he filed the *Motion to Vacate* in this action, but he claims an exemption from the "in custody" requirement because of the short duration of the sentence imposed; Petitioner specifically argues that, otherwise, a sentence of "time served" would necessarily foreclose all forms of federal habeas corpus review.  *Reply*, PAGEID# 163.  Alternatively, Petitioner suggests that the Court consider his *Motion to Vacate* as a petition for a writ of error *coram nobis* filed pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

In support of his claim to an exemption of the "in custody" requirement, Petitioner refers to *Powers v. Hamilton County Public Defender Commission*, 501 F.3d 592, 601 (6th Cir. 2007), in which the United States Court of Appeals for the Sixth Circuit held that a plaintiff "who lack[s] a habeas option for the vindication of [his] federal rights" may pursue a civil claim under 42 U.S.C. § 1983 arising out of a wrongful conviction without first demonstrating the invalidity of that conviction, as is ordinarily required by *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Powers* is simply inapplicable to this case; indeed, *Powers* reinforces the proposition that only those persons "in custody" may pursue habeas corpus relief. *See also Maleng*, 490 U.S. at 491 ("[t]he United States Supreme Court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully* expired at the time his petition is filed.") .

Petitioner contends, alternatively, that the Court may construe his claims as a petition for a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651, which provides in relevant part as follows:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).  A petition under the All Writs Act is an "extraordinary remedy" and is permitted only where justice so compels. *Chaidez v. United States*, -- U.S. --, 133 S.Ct. 1103, 1106 n.1 (2013); *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001)("*Coram nobis* is an "extraordinary remedy" to be used "only under circumstances to review errors of the most fundamental character – *e.g.,* errors rendering the proceedings themselves invalid.").  The writ is not available to persons in custody and therefore eligible to proceed under § 2255. *Johnson*, 237 F.3d at 755. *See also Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000)("Persons still in custody must look to § 2254 or § 2255 for relief; they cannot use § 1651(a) to escape statutory restrictions on those remedies.") (citing *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985)).

Assuming that Petitioner is eligible to pursue a petition for a writ of error *coram nobis* because his sentence foreclosed a challenge to his conviction under § 2255, the Court nevertheless concludes that Petitioner may not prevail on his claims.  In order to prevail in a petition for a writ of error *coram nobis*, a petitioner must demonstrate

> (1) an error of fact; (2) unknown at the time of trial; and (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known.

*Johnson*, 237 F.3d at 755 (citing *Blanton v. United States*, 94 F.3d 227, 230 (6th Cir. 1996)).  "A petitioner is not entitled *to coram nobis* relief if he is merely raising legal challenges concerning

the validity of a conviction where he had knowledge of the underlying facts at the time of trial." *Warden v. United States*, 2014 WL 4096915, at *2 (6th Cir. Aug. 13, 2013)(citing *Blanton*, 94 F.3d at 230).

Petitioner has failed to meet the requirements for consideration of a petition for a writ of error *coram nobis* under the All Writs Act.  He does not allege an error of fact about which he was unaware at the time he entered his guilty plea. Furthermore, and for the reasons stated by Judge Graham in denying Petitioner's motion to dismiss *Gonzalez-Campos II,* Petitioner's challenge to the order of removal does not raise an issue of "fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Blanton,* 94 F.3d at 231.

In any event, Petitioner's claims are without merit.  His claim that his attorney was ineffective in failing to challenge the validity of the March 16, 2010 removal order must fail for the reasons stated in Judge Graham's order denying Petitioner's motion to dismiss *Gonzalez-Campos II.  See Strickland v. Washington*, 466 U.S. 668, 687 (1984)(A petitioner challenging the effective assistance of his counsel must establish that (1) his counsel's performance fell below an objective standard of reasonableness and (2) his defense was prejudiced by counsel's errors). Petitioner's claim that he was actually innocent of the charge against him likewise fails to offer relief.  *See Herrera v. Collins*, 506 U.S. 390, 401 (1993) ("Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence"); *see also House v. Bell*, 547 U.S. 518, 554–55 (2006) (declining to resolve the issue).

**WHEREUPON** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.** Petitioner's request for an evidentiary hearing is **DENIED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

        *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
September 22, 2014