**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **RODOLFO GONZALEZ-CAMPOS,**<br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br>Defendant. | **Case No. 2:13-cv-1248**<br>**Crim. No. 2:12-cr-204**<br>**Judge Peter C. Economus**<br>**MEMORANDUM OPINION AND ORDER** |

  Petitioner was charged in this case with reentry into the United States on August 28, 2012 after having been deported and removed from the United States on March 23, 2010 at Laredo, Texas, in violation of 8 U.S.C. § 1326(a). *Information*, ECF No. 12. Petitioner entered a plea of guilty pursuant to the *Superseding Plea Agreement,* ECF No. 16. On December 3, 2012, the Court imposed a sentence of time served. *Judgment,* ECF No. 25. Petitioner did not file an appeal from that judgment. This action challenges that conviction pursuant to the provisions of 28 U.S.C. § 2255. On September 22, 2014, the Magistrate Judge recommended that the motion to vacate be dismissed. *Order and Report and Recommendation*, ECF No. 39. This matter is now before the Court on Petitioner's objections to that recommendation. *Objection*, ECF No. 40. The Court will consider the *matter de novo. See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

  Petitioner alleges that he was denied the effective assistance of counsel because his attorney advised him to plead guilty rather than attack the March 16, 2010 removal order that resulted in his removal on March 23, 2010 (claim one); Petitioner also contends that he is actually innocent of the charge against him (claim two). In recommending the dismissal of the action, the Magistrate Judge reasoned, first, that Petitioner is not "in custody" for purposes of seeking relief under § 2255(a), because his sentence had completely expired prior to the filing of this action, *see Maleng v. Cook,* 490 U.S. 488 (1989), and that there is no applicable exception to

the custody requirement of § 2255. The Magistrate Judge also concluded that Petitioner was not entitled to a writ of error *coram nobis* because he does not allege an error of fact about which he was unaware at the time that he entered his guilty plea. *See United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001). Finally, and adopting the reasoning of Judge Graham in *United States of America v. Rudolfo Gonzalez-Campos*, 2:13-cr-255, in which Petitioner had asserted the same claims, the Magistrate Judge concluded that Petitioner's claims in this action were without merit. *Report and Recommendation*, ECF No. 39.

In his objections, Petitioner raises the same arguments presented to and rejected by the Magistrate Judge. Specifically, Petitioner asserts that he was "in custody" at the time that he filed this action or that he qualifies for an exception to the custody requirement. Alternatively, Petitioner argues that he is entitled to relief under the All Writs Act. Finally, Petitioner contends that the Magistrate Judge acted improperly in adopting Judge Graham's reasoning when he rejected the same arguments in *United States of America v. Rudolfo Gonzalez-Campos*, 2:13-cr-255.

Having performed the *de novo* review required by 28 U.S.C. § 636(b), this Court agrees with the reasoning of the Magistrate Judge and of Judge Graham in *United States of America v. Rudolfo Gonzalez-Campos*, 2:13-cr-255.

Petitioner's *Objection,* ECF No. 40, are **OVERRULED.** The *Report and Recommendation,* ECF No. 39, is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

UNITED STATES DISTRICT JUDGE